**In re William & Claudette MAITLAND, Debtor.**

**Bankruptcy No. 80–01896–HP.**

United States Bankruptcy Court, S. D. Texas, Houston Division.

Sept. 8, 1981.

John A. Sixta, Jr., Corpus Christi, Tex., for debtors.

John S. Warren, LeLaurin & Adams, Corpus Christi, Tex., for American Fabrics, Inc., Landmark Carpets/Shaw Industries, Inc., Mosehart-Schleeter, Co., Inc., and Kirsch Co.

## Memorandum Opinion on Objection to Exemptions

EDWARD H. PATTON, Jr., Bankruptcy Judge.

The current controversy before the court is an objection by four creditors to the exemptions taken by a debtor in a proceeding under Chapter 7 of the Bankruptcy Code.[1] The facts are not in dispute and the matter has been tried by stipulations and briefs.

---

1. Another objection was filed by a creditor against the debtor's spouse who has joined in the petition for relief, but the creditor has not participated in this proceeding by joining in the stipulation or submitting a brief.

William H. Maitland and Claudette Maitland filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 21, 1980. Since the Maitlands are husband and wife, the filing of a single petition commenced a joint case under Chapter 7. *See* 11 U.S.C. § 302(a). Mrs. Maitland elected to use the exemptions provided by Texas law, as is permitted under § 522(b)(2)(A) of the Bankruptcy Code. Mr. Maitland chose to claim exempt property under the federal exemptions provided for by § 522(d), of the Bankruptcy Code, as authorized by § 522(b)(1).[2] As part of her exemptions taken, Mrs. Maitland exempted the community family residence under the Texas homestead statute. Tex.Rev.Civ.Stat.Ann. art. 3833 (Supp.1980)[3], *see also,* Tex.Const. art. XVI, § 51. Mr. Maitland exempted a community asset designated as the Investors Stock Fund, Inc. valued at $7,721.00 under § 522(d)(5).[4]

It is the Investor's Stock Fund asset which is in controversy. The creditors contend that since Mr. Maitland's one-half community interest in the debtors' homestead was protected by the exemptions taken by Mrs. Maitland his federal homestead exemption provided for under § 522(d)(1) was used when Mrs. Maitland claimed the entire homestead exempt and cannot be further used to claim other personal property as exempt. Alternatively, the objecting creditors argue that even if the § 522(d)(1) exemption is available to Mr. Maitland notwithstanding Mrs. Maitland's use of the Texas homestead exemption, then Mrs. Maitland's one-half community interest in the Investor's Stock Fund should be denied exempt status as Mrs. Maitland did not claim any of her interest in that asset as exempt.

After the court took the matter under advisement, the Fifth Circuit issued its opinion in *Matter of Cannady,* 653 F.2d 210 (5th Cir. 1981). In *Cannady,* a husband and wife filed a joint petition under Chapter 7. The husband claimed the exemptions allowed under Texas law (including a homestead) and the wife claimed exemptions permitted by federal law. Both debtors asserted exemptions for certain personal proper-

**2.** In relevant part, § 522(b) provides that

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative, (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; . . .

**3.** Article 3833, the Texas homestead statute, states in part that
(a) If it is used for the purposes of a home, or as a place to exercise the calling or business to provide for a family or a single, adult person not, a constituent of a family, the homestead of a family or a single, adult person, not a constituent of a family, shall consist of:

. . . .

(3) for a family or a single, adult person, not a constituent of a family, a lot or lots, not to exceed in value ten thousand dollars at the time of their designation as a home stead, without reference to the value of any improvements thereon, if in a city, town or village.

**4.** The pertinent parts of § 522(d) provide:
(d) The following property may be exempted under subsection (b)(1) of this section:
(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor

. . . .

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

ty. The bankruptcy judge allowed the homestead exemption but denied the personal property exemptions on the grounds that the husband had exempted the personal property exemptions allowed by a family under Tex.Rev.Civ.Stat.Ann. art. 3836(a). Although his urban homestead exemption would not have been less had he been single (i. e. not a family), his personal property exemption as a single person would have been only $15,000 as compared with $30,000 for a family. The bankruptcy court reasoned that since she was a member of the family she benefited from the higher amount of the family exemption permitted by article 3836 and could not also claim a federal exemption.

■ In reversing the bankruptcy court, the Fifth Circuit noted that Congress was aware that substantial amounts of property could be exempted by a husband and wife filing a joint petition with one choosing state exemptions and the other using the federal exemptions. *Id.* at 213. The Fifth Circuit placed emphasis on the fact that Congress nevertheless enacted § 522(m), which permits each debtor in a joint case to make a separate exemption election. The Fifth Circuit concluded that Congress did not do anything to prevent husbands and wives from exempting large amounts of property by using the different exemption provisions of § 522, but instead gave the states the authority to eliminate the use of federal exemptions, which Texas has not done. *Id.* at 214.

■ Although the facts in *Cannady* are not precisely the same as the facts now before the court, the principles announced in that decision are controlling here. While Mr. Maitland may have benefited from his wife's decision to claim the state exemptions, he did not assert any state exemption and was free to use the benefits of § 522(d). *Id.* at 214. It follows that the converse is also true. Mrs. Maitland received the benefits of her husband's use of the federal exemptions but his election to do so did not impair her right to claim property exempt under state law. It is not important whether the property is exempted under the federal exemption or state law. Once property has been properly exempted, it is exempt. In joint bankruptcy cases in which Texas exemption laws are applicable the state and federal exemptions may be "stacked." Each spouse obtains the benefit of the other spouse's exemption claim and this does not diminish the right of each to be allowed the full exemption provided by either state or federal law. *See Matter of Cannady,* 653 F.2d at 213. The end result is that both spouses obtain the benefits of both federal and state exemptions. Therefore, it is clear that Mrs. Maitland's interest in the Investor's Stock Fund was protected by her husband's use of the federal exemptions and that her use of the Texas state exemptions did not deprive Mr. Maitland from using the federal exemptions.

An order overruling the creditors' objections to the exemptions is being entered this date.