**In re Carl L. TILLERSON, Jr., and Penny Jane Tillerson, Debtors.**

**Bankruptcy No. 584–50181.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Nov. 21, 1984.

R. Byrn Bass, Jr., Lubbock, Tex., for debtors.

Myrtle McDonald, Lubbock, Tex., Trustee.

### MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

This Memorandum treats the right of joint debtors to separate the cash value of a life insurance policy into unequal portions and to claim exemption in all of that cash surrender value under different exemption systems.

The debtors filed joint petition for order for relief under Chapter 7 of Title 11, United States Code on June 27, 1984. The petition was filed prior to the effective date of the Bankruptcy Amendments and Federal Judgeship Act of 1984 so the spouses are permitted under § 522(m) to stack exemptions. The husband, Carl L. Tillerson, Jr., claimed the full panoply of family exemptions under Texas Property Code § 42.001

*et seq.* and the wife, Penny Jane Tillerson, claimed the federal exemptions under § 522(d).

Among the assets owned by the parties is a life insurance policy on the life of Carl Tillerson as insured with Penny Tillerson named as beneficiary, the policy being issued by Liberty Life Assurance Company of Boston with cash surrender value, on the date the petition in bankruptcy was filed, of $12,650.00. The parties announced relevant factual stipulations in open court at the time the case was scheduled for trial. However, the policy was not offered in evidence and thus the ownership of the policy is unknown. For the purpose of this memorandum I have assumed that the policy was purchased after the marriage of Carl L. Tillerson and Penny Jane Tillerson with the premiums paid with community funds. Under § 5.01 of the Texas Family Code there is a presumption in that event that the community estate owns the life policy.

Penny J. Tillerson, claiming the bankruptcy exemptions under § 522(d), claims $4,000.00 of the total cash value of $12,-650.00 to be exempt under § 522(d)(8).[1] Further Penny Tillerson claimed an additional $4,800.00 of the total cash value to be exempt under the spillover or wild card provisions of § 522(d)(5). Thus she has used the total of $7,900.00 of wild card permitted by § 522(d)(5), leaving $3,850.00 of cash value which she is unable to fit within her bankruptcy exemptions.

Under Texas law the cash value of a life insurance policy on the life of the debtor-insured, wherein a family member is named as beneficiary, is exempt. See Property Code § 42.002(7). Carl L. Tillerson, claiming exemptions under the Texas Property Code, had used all but $3,877.00 of the total of $30,000.00 in personal property exemptions described as "eligible" property under Property Code § 42.002. Thus, he claimed

the balance of $3,850.00 of the cash value of the Lincoln Income policy as exempt under the Texas statute.

The trustee challenged the right of the debtors to so partition the cash value, contending that only that amount that could be claimed under one exemption system properly should be exempted. I have found no cases which treat this issue. However, when consideration is given to the fact that the Texas cases stress liberality in allowing exemptions and, until the 1984 amendments became effective, § 522(m) of the Code permitted stacking of exemptions I am of the opinion that the cash value on a single life insurance policy can be divided and the entire cash value exempted under different exemption systems. In fact, that result appears consistent with that of the Fifth Circuit in *Matter of Cannady*, 653 F.2d 210 (5th Cir.1981).

■ An issue whether the filing of a joint petition by the insured husband and beneficiary wife precludes the husband from claiming a state exemption (designed to protect the family) where the statute specifies that an exemption is allowed only where the beneficiary is a member of the insured's family also must be answered in favor of the debtors. *Matter of Cannady*, supra, appears to be the authority on the issue. There, the United States Court of Appeals for the Fifth Circuit declined to "deny one spouse the right to choose federal exemptions when the other spouse claims a family exemption under state law." *Id.* at 213. That decision has been followed by other Texas Bankruptcy Courts. *See In re Barnes*, 14 B.R. 788 (Bkrtcy.N.D.Tex.1981); *In re Maitland*, 13 B.R. 923 (Bkrtcy.S.D.Tex.1981). No Texas cases have been found in which the phrase "that a member of the insured person's family ... is a beneficiary of the policy" has been interpreted to mean that a wife as

---

1. § 522(d) The following property may be exempted under subsection (b)(1) of this section: ... (8) the debtor's aggregate interest, not to exceed in value $4,000.00 less any amount of property of the estate transferred in the manner specified in § 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

bankruptcy debtor is not a member of her husband's family. Under the facts of this case the wife is a member of the insured's family and is the named beneficiary of the policy. Despite her election to exempt a portion of the cash value under the federal exemptions she is entitled [2] to benefit from the husband's exemption of a part of the cash value under the Texas family exemption as a member of the family unit.

I conclude, therefore, that the trustee's challenges to the exemptions under separate exemption systems in $12,650.00 of cash value of the subject life insurance policy should be overruled and denied.

It is, therefore, ORDERED by the Court that the challenges to exemptions filed by the trustee be, and they are hereby, overruled and denied.

All relief not herein granted is denied.

---

**2.** If the facts were that the policy was purchased by the *husband* before marriage he could be the owner of the policy and arguably the wife would not qualify to claim an exemption under § 522(d)(8) which requires the policy to be "owned by the debtor".

I have assumed in this case that the policy is owned by the community and thus the wife enjoys ownership status.